UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JERMAINE E. THORPE,

    Plaintiff,

  v.

SHERIFF MATT LUTZ, *et al.*

    Defendants.

Case No. 2:22-cv-2223
Judge Edmund A. Sargus, Jr.
Magistrate Judge Kimberly A. Jolson

## REPORT AND RECOMMENDATION

Jermaine E. Thorpe, an apparent pre-trial detainee proceeding without the assistance of counsel, has submitted a civil rights complaint to this Court. (Doc. 2). He did not, however, pay the filing fee required to commence this action or file an application to proceed *in forma pauperis* and without the prepayment of fees. 28 U.S.C. § 1915(a)(2).

On May 27, 2022, the Court ordered Plaintiff to "to pay $402 ($350 filing fee plus $52 administrative fee) or submit to the Court a properly-supported *in forma pauperis* application within thirty (30) days." (Deficiency Order, Doc. 5). The Court advised Plaintiff that if he "fails to comply with this Order, the Court shall dismiss this case for want of prosecution." (*Id*.). A copy of the Deficiency Order was sent to Plaintiff at two addresses, and a blank copy of the *in forma pauperis* application form was also provided for his convenience. (*Id*.).

"When a prisoner files a complaint in the district court, the inmate must either pay the entire filing fee, or request leave to proceed *in forma pauperis* 'without prepayment of fees or security therefor' under 28 U.S.C.A. § 1915(a)(1)." *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131 (6th Cir. 1997). "Submission of a sufficient affidavit and a certified trust fund account in accordance with [§ 1915(a)(2)] are statutory requirements for proceeding *in forma pauperis*."

1

*McCullough v. Fed. Bureau of Prisons*, No. 13-10282, 2013 WL 2147001, at *1 (E.D. Mich. May 16, 2013) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997) (overruled on other grounds)). The United States Court of Appeals for the Sixth Circuit has described the Court's responsibility when an individual has failed to pay the filing fee or submit the required forms as follows:

> If an inmate not paying the full filing fee fails to provide an affidavit of indigency or trust account statement, the district court shall notify the prisoner of the deficiency and the prisoner shall have thirty (30) days from the date of the deficiency order to correct the error or pay the full filing fee. If the prisoner does not comply with the district court's directions, the district court shall presume that the prisoner is not a pauper, and assess the inmate the full amount of fees. The district court must then order the case dismissed for want of prosecution.

*In re Prison Litig. Reform Act*, 105 F.3d at 1132.

To date, Plaintiff has not responded to the Court's Deficiency Order and has not paid the fee or filed an *in forma pauperis* application. He has not taken any action in the case since submitting his complaint to the Court. The Undersigned concludes that Plaintiff has failed to comply with the Court's order and has failed to prosecute his case. It is therefore **RECOMMENDED** that the Court presume Plaintiff is not a pauper and **ASSESS him the full filing fee of $402.** It is further **RECOMMENDED** that this action be **DISMISSED** without prejudice for failure to prosecute.

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to Plaintiff at the address provided in the Complaint (Doc. 2, PageID 12), and also to him at the Muskingum County Jail. Plaintiff is again advised that he must keep this Court informed of his current address, and promptly file a Notice of New Address if he is released or transferred.

**Notice Regarding Objections to this Report and Recommendation**

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it within **FOURTEEN (14) DAYS** after being served with a copy thereof. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the 14-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

Date: July 27, 2022
s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE